
05/24/2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| RICHARD ERIC POSTON, § | Case No. 08-40182 | |
| § | (Chapter 7) | |
| Debtor. § | | |
| _____ § | | |
| § | | |
| MICHELLE H. CHOW, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adv. Proc. No. 10-4030 | |
| § | | |
| FLOORING SYSTEMS, INC., § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER REGARDING
MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

In this adversary proceeding, the plaintiff seeks to recover a pre-bankruptcy transfer in the amount of $18,529.64 from the defendant. In her motion for summary judgment, the plaintiff seeks a summary judgment on her claim that the transfer was preferential and may be recovered pursuant to 11 U.S.C. §§ 544, 547 and 550. The defendant opposes the plaintiff's motion and seeks a summary judgment that the payment was not a preference as a matter of law. The Court exercises its core jurisdiction over this matter, *see* 28 U.S.C. §§ 1334 and 157(b)(2)(F), and makes the following findings and conclusions.

**I.    SUMMARY JUDGMENT STANDARD**

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the

"pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial.  Here, since the plaintiff has the burden of proving the avoidability of a transfer as a preference, *see* 11 U.S.C. § 547(g), the plaintiff must support her motion with credible evidence — using any of the materials specified in Rule 56(c) — that would entitle her to a directed verdict if not controverted at trial.  *Celotex*, 477 U.S. at 331; *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

In this case, the parties have presented opposing motions for summary judgment based upon the application of appropriate law.  The parties have submitted a joint stipulation of facts in connection with their motions.  For cases in which the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate.  *Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995); *Thompson Everett, Inc. v. National Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995) ("A federal court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly.").

## II.   UNCONTESTED FACTS

The parties' motions for summary judgment, their responses, and their joint stipulation set forth the following body of uncontested facts.

On June 20, 2007, Flooring Systems, Inc. obtained a state court judgment against Richard Poston, among others.  Flooring Systems subsequently requested the state court's aid in reaching Poston's non-exempt property by filing a motion for turnover or,

alternatively, appointment of a receiver. The state court scheduled a hearing on the motion. Following the conclusion of the hearing, the state court appointed Michael Bernstein to serve as receiver for the purpose of taking possession of and selling Poston's leviable assets. The state court signed the order appointing Bernstein on October 26, 2007.

On November 20, 2007, Bernstein levied upon Poston's bank account at PlainsCapital Corporation. Additional monies were deposited into Poston's account after the bank received the notice of levy. On December 19, 2007, the bank transferred substantially all the funds in Poston's account to Bernstein. With the state court's approval, Bernstein paid his fees from these funds and disbursed the remainder to Flooring Systems. The parties agree that Bernstein paid $18,529.64 to Flooring Systems on January 15, 2008.

Poston filed a petition for relief under chapter 11 of the Bankruptcy Code on January 11, 2008. On November 17, 2008, the Court entered an agreed order converting Poston's case to chapter 7. The Court subsequently appointed Michelle Chow as the chapter 7 trustee for the bankruptcy estate of Poston. The parties agree that there is no cash in the bankruptcy estate, and creditors have filed secured claims in excess of $1 million and unsecured claims in excess of $6.5 million.

## III. ANALYSIS

Section 547(b) of the Bankruptcy Code authorizes the avoidance of a transfer of "an interest of the debtor in property" *if* five conditions are satisfied and *unless* one of seven exceptions defined in §547(c) is applicable. The five characteristics of an avoidable transfer are that it (1) benefit a creditor; (2) be on account of antecedent debt;

(3) be made while the debtor was insolvent; (4) be made within 90 days before bankruptcy (or one year if the creditor was an insider at the time of the transfer); and (5) enable the creditor to receive a larger share of the estate than if the transfer had not been made. Section 547(g) expressly states that the plaintiff-trustee has the burden of proving the elements of a preferential transfer under subsection (b), and the creditor or party in interest against whom recovery is sought has the burden of proving the non-avoidability of a transfer under subsection (c).

In her motion for summary judgment, the plaintiff describes this proceeding as involving a "classic" preferential transfer of $18,529.54 to the defendant. The defendant disagrees. The crux of the defendant's argument is its assertion that the appointment of a receiver, which occurred outside the 90-day preference period, created a receiver's lien that secured the judgment in favor of the defendant.[1] The defendant argues that the plaintiff cannot establish the fourth element, *i.e.*, that a transfer of the debtor's property occurred within the preference period, or the fifth element, *i.e.*, that the defendant received more than it would have received in a Chapter 7 bankruptcy case.

In support of its argument, the defendant cites to cases in which Texas courts appointed receivers under the general Texas receivership statutes. *See* TEX. CIV. PRAC. & REM. CODE §§ 64.001 *et seq*. *See also, e.g., Huffmeyer v. Mann*, 49 S.W.3d 554 (Tex. App. – Corpus Christi 2001, no pet.) (receiver appointed to take possession of corporate property pending the entry of a final judgment by the trial court). The defendant,

---

[1] The defendant's argument that the receivership order created a receiver's lien confuses the creation of a lien with the doctrine of *in custodia legis*. Property is held *in custodia legis*, or "in the custody or keeping of the law," *see* BLACK'S LAW DICTIONARY (9th ed. 2009), when an arm or instrumentality of the court holds possession of the property on behalf of the court. *See First Southern Properties, Inc. v. Vallone,* 533 S.W.2d 339, 343 (Tex. 1976).

4

however, obtained the appointment of a receiver pursuant to the Texas turnover statute.[2] The turnover statute entitles a judgment creditor to receive aid from a state court to obtain satisfaction on a judgment "if the judgment debtor owns property ... that: (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). The statute empowers courts to appoint a receiver "with the authority to take possession of the nonexempt property, sell it and pay the proceeds to the judgment creditor to the extent to satisfy the judgment." *Id.* § 31.002(b)(3). With respect to bank accounts held in the name of the judgment debtor, however, "the rights of a receiver appointed under Subsection (b)(3) do not attach until the financial institution receives service of a certified copy of the order of receivership in the manner specified by Section 59.008, Finance Code." *Id.* § 31.002(g).

Here, the dispute involves a transfer from a bank account held in Poston's name. Under Texas law, any lien created by the receivership order did not attach until Bernstein provided the bank with a certified copy of the order of receivership in the required manner. The parties' stipulation reflects that Bernstein complied with this requirement on November 20, 2007 — less than 90 days prior to the date Poston filed his bankruptcy case. The fixing or perfection of a lien is a "transfer" within the meaning of § 547(b) of the Bankruptcy Code. *See Matter of Criswell*, 102 F.3d 1411, 1415 (5th Cir. 1997) (holding that a transfer took place when a judgment creditor filed an abstract of the

---

[2] A post-judgment receivership under the Texas turnover statute resembles the remedy of attachment. *See, e.g., Childre v. Great Southwest Life Ins. Co.*, 700 S.W.2d 284, 287 (Tex.App.—Dallas 1985, no writ) ("In the instant case, the receivership proceeding is in the nature of an attachment."). Under both remedies, a court officer seizes the debtor's property for the purpose of satisfying the judgment. *See generally* 5 TEX. PRAC., TEXAS FORECLOSURE LAW & PRAC. § 12.25 (2011) (collecting authority).

judgment); *Matter of Latham*, 823 F.2d 108, 110 (5th Cir. 1987) (garnishment lien attached from the date of service of summons, according to Texas case law, which was outside the preference period). The parties agree that Bernstein transferred the bulk of these funds to the defendant during the preference period.

The Court concludes that the plaintiff has established, as a matter of law, that a transfer took place when the rights of the receiver attached to Poston's bank account. The transfer was for the benefit of a creditor, on account of an antecedent debt, and made while Poston was insolvent. The transfer occurred within the 90-day preference period and, as a result of the transfer, the defendant has received more than it would have received in a chapter 7 case.

## IV.    CONCLUSION

For all the foregoing reasons,

**IT IS ORDERED** that the defendant's motion for partial summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for partial summary judgment is **GRANTED** and that the transfer to the defendant in the amount of $18,529.64 is avoidable as a preference and recoverable from the defendant pursuant to 11 U.S.C. §§ 544, 547 and 550.

Signed on 5/24/2012

_Brenda T. Rhoades_    SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE